IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Al-Tericke Praylow, ) | C/A No. 0:11-407-TLW-PJG |
| Petitioner, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Warden of Kershaw Correctional Institution, ) | |
| Respondent. ) | |

The petitioner, Al-Tericke Praylow ("Praylow"), a self-represented state prisoner currently housed at Evans Correctional Institution, filed this habeas corpus action on the standard form used by state prisoners seeking relief from a conviction or sentence under 28 U.S.C. § 2254. The court construed the Petition as one seeking habeas relief pursuant to 28 U.S.C. § 2241 and so advised the parties. (ECF No. 9.) This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 14.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 17.) Praylow filed memoranda opposing the motion. (ECF Nos. 19 & 20.) Also pending before the court is Praylow's motion for a transfer. (ECF No. 11.) Having reviewed the parties' submissions and the applicable law, the court finds that the Respondent's motion for summary judgment should be granted.

PJG

## BACKGROUND

Praylow filed this petition for a writ of habeas corpus challenging the execution of his sentence by the South Carolina Department of Corrections ("SCDC") based on his contention that he was wrongfully deprived of his good time credits because of a prison disciplinary conviction for possessing a cellular telephone. Praylow filed Step 1 and Step 2 grievances at the institution where he was then incarcerated, then appealed the denial of his grievances to the South Carolina Administrative Law Court. By order dated December 23, 2010, the Honorable John D. McLeod, Administrative Law Judge, affirmed SCDC's decision on the merits. Praylow did not appeal the Administrative Law Court's decision. He now files this habeas corpus petition in this court seeking restoration of his good time credits, which would result in an earlier projected release date.

## DISCUSSION

**A.     Section 2241 Generally and Exhaustion Requirement**

In his motion, the respondent asserts that Praylow has not asserted a ground for relief under 28 U.S.C. § 2254. However, the court has previously directed that Praylow's Petition be treated as one brought pursuant to 28 U.S.C. § 2241. (See ECF No. 9.) The court will analyze Praylow's Petition accordingly.

"Unlike petitions brought under § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers." Clemmons v. South Carolina, C/A No. 0:08-607-RBH, 2008 WL 2845636, at *1 (D.S.C. July 18, 2008).



Before a state prisoner can seek federal habeas relief under § 2241, he must first exhaust any *state court remedies* that may be available. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition."); Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 490-91 (1973) (stating that exhaustion is also required under 28 U.S.C. § 2241). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). "Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). The exhaustion requirement "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers." Fain v. Duff, 488 F.2d 218, 224 (5th Cir. 1973) (discussing Braden, 410 U.S. 484).

South Carolina law provides that, as to certain prison administrative decisions that affect an inmate's sentence, the inmate may seek review of an SCDC decision from the South Carolina Administrative Law Court. See Al-Shabazz v. State of South Carolina, 527 S.E.2d 742, 750 (S.C. 2000); see also Slezak v. S.C. Dep't of Corr., 605 S.E.2d 506, 507 (S.C. 2004). These issues include situations where an inmate is disciplined and punishment is imposed, or when an inmate believes that prison officials have erroneously calculated his sentence, sentence-related credits, or custody

status. Sullivan v. S.C. Dep't of Corr., 586 S.E.2d 124, 126 (S.C. 2003); Al-Shabazz, 527 S.E.2d at 750. Generally, a state prisoner's sentence calculation claim will fall within the category of administrative issues that the South Carolina Supreme Court has identified as properly being raised through the prison grievance process with appeal to the South Carolina Administrative Law Court, rather than through a post-conviction relief ("PCR") application filed in circuit court. See Al-Shabazz, 527 S.E.2d 742. Pursuant to the South Carolina Administrative Procedures Act ("APA") and the South Carolina Appellate Court Rules, an inmate who is dissatisfied with the decision of the Administrative Law Court may seek judicial review from the South Carolina Court of Appeals, and, ultimately, the South Carolina Supreme Court. S.C. Code Ann. § 1-23-610; Rule 242, SCACR.

Praylow cogently argues that he was not required to appeal the Administrative Law Judge's decision to the South Carolina Court of Appeals. However, it appears that he confuses different statutory exhaustion requirements. Here, the exhaustion of state remedies begins with the administrative grievance procedure of SCDC and review by the South Carolina Administrative Law Court as outlined in Al-Shabazz, with appeal to the state appellate courts. Al-Shabazz, 527 S.E.2d at 752-57 (discussing the application of the APA and the review process); Rule 203(b)(6), SCACR; see also S.C. Code Ann. § 1-23-610(A)(1). This procedure, which applies for most § 2241 issues, is in contrast to habeas corpus issues that are appropriately raised under 28 U.S.C. § 2254, which will generally commence in circuit court pursuant to the PCR statutes with appeal pursuant to the corresponding appellate court rules. See generally S.C. Code Ann. §§ 17-27-10 et seq.; Rule 243,

SCACR.[1]  Here, although Praylow availed himself of the administrative steps by filing grievances regarding the execution of his sentence with SCDC and appealing the denial of those grievances to the Administrative Law Court, he failed to present his sentence calculation issue to the state's appellate courts by appealing the Administrative Law Court's decision to the South Carolina Court of Appeals.  Accordingly, the court concludes that he failed to exhaust his state remedies as required by controlling law.

Praylow next argues that the requirement to exhaust state remedies is not jurisdictional and that the court may review unexhausted habeas claims in its discretion.  This contention overstates the law.  In habeas corpus cases, the failure to exhaust state remedies, when such remedies would be procedurally barred under state law, may be excused only when the petitioner establishes cause and prejudice or demonstrates that failure to consider his claims will result in a fundamental miscarriage of justice.  See Coleman, 501 U.S. at 750.  Although Praylow argues that he was unaware of the South Carolina Court of Appeals[2] until this litigation, ignorance of the law cannot

---

[1] Incidentally, the procedure to exhaust *state* remedies for habeas corpus issues should not be confused with the Prison Litigation Reform Act's requirement to exhaust *administrative* remedies before filing a civil rights lawsuit challenging prison conditions.  See 42 U.S.C. § 1997e(a).  As this court has previously noted, because under South Carolina law appeal from the Administrative Law Court to the Court of Appeals commences the process of *judicial* review, it is not a necessary step to exhaust *administrative remedies* under the PLRA.  See generally Maradiaga v. Bethea, C/A No. 4:08-0226-PMD, 2009 WL 2829900, at *2-*4 (D.S.C. Sept. 1, 2009); see also Booth v. Churner, 532 U.S. 731, 731 (2001) ("The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e(a), which now requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions.").  By contrast, as discussed above, the habeas corpus statutes require that habeas issues be presented to the state's highest court.  Matthews, 105 F.3d at 911.

[2] Contrary to Praylow's assertion in his response, the South Carolina Administrative Law Court and the Court of Appeals are not in the same building (although both are housed on the same government complex) and are not comprised of the same judges.  (Petr.'s Resp. Opp'n Summ. J., ECF No. 19 at 1.)  Praylow's confusion in this regard may result from the elevation of the Honorable John D. Geathers, a former Administrative Law Judge, to the Court of Appeals in 2008.



constitute cause. See id. at 753 (stating that " 'cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him") (emphasis in original); Rodriguez v. Maynard, 948 F.2d 684, 688 (10th Cir. 1991) (stating that a party's *pro se* status or ignorance of the law do not constitute cause).

## RECOMMENDATION

Praylow has failed to exhaust his state remedies with regard to his challenge to SCDC's execution of his sentence in connection with his sentence-related credits based on his disciplinary conviction. Accordingly, the court recommends that the Respondent's motion for summary judgment be granted (ECF No. 14) and Praylow's Petition denied. The court further recommends that Praylow's motion for a transfer (ECF No. 11) be terminated as moot.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 16, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).